IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| U.S. LOGISTICS, INC, assignee of Thomas Foods International USA, Inc., | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. ____________ |
| CATASHOV, INC., | ) | |
| Defendant. | ) | |

**COMPLAINT**

Plaintiff U.S. LOGISTICS, INC., as assignee of Thomas Foods International USA, Inc., by and through its undersigned attorneys Robert G. Rothstein and the Firm of Seaton and Husk, L.P., and pursuant to Rule 3 of the Federal Rules of Civil Procedure, and Title 49 U.S.C. Sec. 14706, and respectfully files this Complaint against Defendant Catashov, Inc., for loss, damage, and delay caused by a motor carrier to property transported in interstate commerce; for breach of contract; and for negligence. For its Complaint, U.S. Logistics, Inc., alleges and states as follows:

PARTIES

1. U.S. Logistics, Inc. (hereinafter "USL" and "Plaintiff") is a foreign for-profit business corporation organized and existing under the laws of the State of New Jersey. USL's principal place of business is 201 River Lane, West Deptford, New Jersey 08086.

2. As pertinent, USL is a federally-licensed property broker, operating under authority issued to it by the Federal Motor Carrier Safety Administration or a predecessor

agency.

3. USL commences this action against Defendant as assignee of Thomas Foods International USA, Inc. ("TFI").

4. Catashov, Inc. (hereinafter "Catashov") is a domestic business corporation organized and existing under the laws of the Commonwealth of Pennsylvania, whose principal address of record and registered office is 1128 William Penn Dr., Bensalem, Pennsylvania 19020; whose physical and mailing address on file with the Federal Motor Carrier Safety Administration is 535 Philmont Ave., Feasterville-Trevose, Pennsylvania 19053; and whose President and Governor is Jakhongir Tairov, whose address is 1128 William Penn Dr., Bensalem, Pennsylvania 19020. Catashov's address of record with the Internal Revenue Service is 2750 Grant Ave Fl1, Philadelphia, Pennsylvania 19114.

5. Catashov is a federally-licensed motor carrier of property, operating under authority issued to it by the Federal Motor Carrier Safety Administration.

JURISDICTION AND VENUE

6. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. Sec. 1337(a) because Plaintiff seeks to pursue liability of a motor carrier(s) as provided for at 49 U.S.C. Sec. 14706 (hereinafter referred to as "Carmack" and the "Carmack Amendment"), and the amount in controversy exceeds $10,000.00, exclusive of interest and costs.

7. Venue in this Court is proper pursuant to Title 49 U.S.C. Sec. 14706(d)(1) inasmuch as Catashov is the delivering carrier in the matter that is the subject of this complaint; a civil action may be brought against a delivering carrier in a judicial district through which the defendant carrier operates; and the defendant delivering carrier, having picked up the pertinent shipment in Logan Township, New Jersey, with a destination of Terrell, Texas operates through

the judicial district of this Honorable Court.

Venue in this Court is further proper inasmuch as Catashov is domiciled and has a principal address(es) within this judicial district.

STATEMENT OF FACTS

8. USL and Catashov entered into a Broker Carrier Contract Agreement (the "Contract" or the "Agreement") on March 12, 2021, pursuant to which Catashov agreed, in part, to provide to USL certain specialized transportation and related services; and to meet the distinct transit and service needs of USL and its customer, as provided by the Bill of Lading and such addenda, i.e., "load confirmation communications", as may be agreed to by the Parties, which would become a part of the Contract. A copy of the Contract Agreement is appended hereto and marked as *Attachment A*.

9. The Agreement expressly provides, in pertinent part, that Catashov agrees to maintain cargo insurance in the amount not less than $100,000.00 to compensate the broker [USL], the shipper [TFI], and the consignee [Wal-Mart Grocery], for any loss or damage while the property to be transported is in the possession of Catashov.

10. The Agreement expressly provides that Catashov, as the carrier, shall be liable for full actual loss resulting from loss, damage, injury, or delay on shipments transported pursuant to the Agreement; and that Catashov shall be liable to USL for all economic loss, including consequential damages that are incurred by USL or its customer for any freight loss, damage, or delay claim.

11. The Agreement expressly provides further that Catashov "agrees to indemnify and hold harmless U.S. Logistics, Inc., from any and all claims of any nature whatsoever arising out

of Carrier's [Catashov's] operations and activities hereunder, including without limitation, claims, losses, or liability for personal injury, property damage, cargo loss or damage, or any combination thereof . . . including court costs and attorney's fees incurred in defending or prosecuting such claims."

12. The Agreement also provides that Catashov shall be liable for the "full actual loss resulting from loss, damage, injury, or delay on shipments transported" under the terms of the Agreement.

13. The Agreement defines "full actual loss" as the replacement cost of freight tendered to the carrier [Catashov] for transport.

14. The Agreement also provides that accessorial services such as, but not limited to, carrier loading and unloading, shall be agreed upon by the parties via facsimile transmission and will become a part of the Agreement.

15. Pursuant to the broker-carrier agreement, a Load Confirmation for Load #373692 was issued by USL to Catashov for transportation of the TFI shipment from Logan Township, New Jersey, to Terrell, Texas. A true copy of the Load Confirmation is appended hereto as *Attachment B.*

16. A bill of lading for the shipment was signed by Catashov's driver, reflecting that the itemized packages were delivered to Catashov, and received by Catashov, in good condition and at the correct quantity. A true copy of the signed straight bill of lading is appended hereto and marked as *Attachment C.*

17. Upon arrival, the consignee noted that the number of packages received was less than that ordered and specified on the bill of lading, i.e., the delivery was short. A true copy of the Walmart, Inc., Delivery Confirmation Report is appended hereto and marked as *Attachment*

*D.*

18. TFI subsequently submitted to USL a claim for the loss of 91 cases of product, that was the subject of the shipment, valued in the claimed amount of $30,555.70.

<u>COUNT I – LIABILITY UNDER THE CARMACK AMENDMENT</u>

19. Plaintiff reasserts and realleges here by reference each and every prior allegation as if fully set forth at length hereat.

20. Pursuant to the Agreement, the load confirmation and straight bill of lading were issued and accepted by and between USL and Catashov, the terms of which were agreed to by Catashov, by which Catashov agreed to transport property, of approximately 1036 cases of frozen lamb leg products with a total gross weight of approximately 37,090 pounds, belonging to shipper TFI, from Logan Township, NJ, for delivery on December 29, 2025, to consignee Wal-Mart's distribution center in Terrell, TX, at an agreed rate and pursuant to specific terms. A copy of the corresponding straight bill of lading is appended hereto and marked as *Attachment C.*

21. All 1036 pieces of lamb leg products were delivered to Catashov for transport in good and undamaged condition.

22. Upon arrival, the consignee noted that the shipment was expected to contain 1036 cases, but that only 945 cases were received, and that there was thus a shortage of 91 cases. A copy of the Walmart Inc. Delivery Confirmation Report, reflecting the shortage, is appended hereto as *Attachment D.*

23. As a direct and proximate result of Catashov's failure to protect the property and preserve its good and undiminished condition during the period of time that said property was contractually within its possession, custody, and control, Catashov caused or allowed property,

valued in the amount of $30,555.70, to be lost or to go missing, which loss has been incurred and payment for which by Catashov has been refused.

24. TFI timely submitted to USL its claim for property loss in the foregoing-alleged amount.

25. USL has submitted to Catashov the claim for property loss, which Catashov refuses to acknowledge, recognize, or pay for.

26. Following Catashov's continued refusal to respond to this claim, USL timely commences this action as provided for at 49 U.S.C. 14706 (e).

WHEREFORE, USL respectfully requests that this Honorable Court enter judgment in its favor and against Catashov, and order that Catashov pay to USL damages in the amount of $30,555.70, representing the value of loss of the property belonging to TFI, which Catashov contractually agreed to transport, and which was lost while in its actual or constructive possession, custody, and control, together with all expenses incurred by USL, including attorneys fees, costs, and other liabilities.

COUNT II – BREACH OF CONTRACT

27. Plaintiff reasserts and realleges here by reference each and every prior allegation as if fully set forth at length hereat.

28. Catashov voluntarily and contractually agreed to the following: undertake and perform certain obligations and duties, among them provision of suitable equipment that would keep the property at a prescribed temperature; protect the property tendered to it in good condition; maintain the property's full, good, undamaged, and undiminished condition during the

period of time said property was in its possession, care, and custody; make timely, full, and complete delivery in good and undamaged condition; and assume sole responsibility for any and all economic loss, arising out of loss, damage, or delay resulting from the transportation services it was contracted to and agreed to provide, expressly including indemnification of USL; and hold USL harmless from and against all claims, losses, and expenses of any nature whatsoever, including attorneys fees and court costs.

29. As a direct and proximate result of Catashov's failure to undertake and perform each and every one of the contractually agreed-upon or voluntarily undertaken obligations and duties alleged in the paragraph next above, Catashov breached its Agreement with USL and caused USL to expend significant amounts of financial, executive, and administrative resources, including but not limited to attorneys fees, filing and other fees, remuneration to TFI, and costs and other liabilities, to pursue recompense for the loss of the property belonging to TFI, and enforce its agreed-upon rights and remedies.

30. USL is entitled to receive, and Catashov is obligated to pay by agreement between it and USL, the amount of the loss, amounting to approximately $30,555.70, plus reimbursement for its expenditures, of $2,925.00, as of August 14, 2026, just prior to the filing of this complaint.

WHEREFORE, USL respectfully requests that this Honorable Court enter judgment in its favor and against Catashov, and order that Catashov pay to USL damages in the amount of $33,480.70, representing $30,555.70 in damages arising from Defendant's breach of its contractual and voluntarily assumed obligations while transporting property belonging to TFI, plus all expenses incurred by USL to pursue this action, including attorneys fees, costs, and other liabilities, that Catashov contractually agreed to assume.

COUNT III – NEGLIGENCE

31. Plaintiff reasserts and realleges here by reference each and every prior allegation as if fully set forth at length hereat.

32. By agreeing to transport the shipment tendered to it by USL, Catashov individually and voluntarily assumed and continued to owe a duty of care to ensure that the property tendered to it for transportation was transported safely and undiminished in a temperature-controlled environment with suitable equipment; was kept at a prescribed temperature and protected from temperature abuse; and was delivered in full free from loss, damage, or diminished value.

33. Catashov breached its duty in that it failed to deliver the full amount of TFI's property in a timely manner and free from loss, damage, diminished quantity or diminished value.

34. As a direct and proximate result of Catashov's negligent failure to undertake; failure to properly perform the obligations and duties alleged in the paragraphs next above; and failure to properly discharge those obligations and duties, Catashov negligently performed its agreement with and obligations to USL, and caused significant financial injury and harm to USL and TFI in the form of expenditure of financial, executive, and administrative resources, including but not limited to recompense for loss of property, interest paid, attorneys fees, filing and other fees, and costs and other liabilities, including a loss of the value of the shipper's property.

35. As a direct and proximate result of Catashov's failure to protect the property and preserve its good and undiminished quantity, value, and condition during the period of time that

said property was in its possession, care, and custody, Catashov has negligently caused or allowed the property to be diminished in quantity and / or lost in the amount of $30,555.70, which loss has been incurred by USL, and payment for which by Catashov as legally required has been refused.

WHEREFORE, USL respectfully requests that this Honorable Court enter judgment in its favor and against Catashov and order that Catashov pay to USL damages in the amount of $30,555.70, representing TFI's damages arising from Catashov's negligent performance of its contractual and voluntarily assumed obligations while transporting property belonging to TFI, together with all expenses incurred by USL, including attorneys fees, costs, and other liabilities.

PRAYER FOR RELIEF

WHEREFORE, USL respectfully requests that this Honorable Court enter judgment in its favor and against Defendant Catashov, and order:

(a) That Defendant shall pay to USL damages in the amount of $30,555.70 for the value of loss of the property belonging to TFI; and

(b) That Defendant shall pay to USL, pursuant to agreement of the parties, all expenses incurred by USL, including attorneys fees, costs, and other liabilities related to or arising out of the breach by Catashov of its contractual obligations to USL which caused loss of property transported by Catashov while it was in Catashov's possession, custody, and care, and which amounts to $2,925.00 as of August 14, 2026, prior to the date of filing this complaint; and

(c) That USL be awarded such other and further relief as this Honorable Court in its judgment deems just, reasonable, and in service to the interests of justice, including:

(d) That USL be granted leave of court to timely supplement and seek its additional costs, fees, expenses, and other liabilities incurred by USL in the prosecution of this action and which Catashov voluntarily and contractually agreed to be liable for, from August 15, 2026, to the date of judgment.

Respectfully submitted,

U.S. LOGISTICS, INC.

By counsel

*/s/ Robert G. Rothstein*

Robert G. Rothstein
PA Bar No. 29607
SEATON & HUSK, L.P.
2240 Gallows Road
Vienna, VA 22182

Telephone: 703 – 573 – 0700
Telecopier: 703 – 573 – 9786
Email: rrothstein@transportationlaw.net

*Attorney for Plaintiff U.S. Logistics, Inc.*